Douglas S. Baek (SBN: 258321)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: (323) 988-2400 ext. 244
Fax: (866) 829-5083
dbaek@consumerlawcenter.com
SYLVIA FISK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA FISK, | Case No.: |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | **(Unlawful Debt Collection Practices)** |
| CREDIT FIRST NATIONAL ASSOCIATION, | |
| Defendant. | |

## VERIFIED COMPLAINT

SYLVIA FISK (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against CREDIT FIRST NATIONAL ASSOCIATION (Defendant):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692, *et seq*.

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act (RFDCPA), Cal. Civ. Code § 1788, *et seq*.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

4. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

6. Plaintiff is a natural person residing in Auburn, Placer County, California.

7. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3), and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(h).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c), and sought to collect a consumer debt from Plaintiff.

9. Defendant is a national company with offices in Park, Ohio.

## FACTUAL ALLEGATIONS

10. In or around March of 2012, Defendant attempted to collect a debt from Plaintiff on behalf of Firestone.

11. The Firestone debt was incurred for tires on Plaintiff's vehicle.

12. In its attempts to collect the alleged debt, Defendant placed telephone calls to Plaintiff on her home telephone, xxx-xxx-2240, and has also called Plaintiff on her cellular telephone, xxx-xxx-9461.

13. When Plaintiff was unable to answer Defendant's telephone calls, Defendant left messages for Plaintiff. *See* voicemail transcripts, attached hereto as Exhibit A.

14. In its messages, Defendant failed to inform Plaintiff that it was a debt collector. *See* Exhibit A.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

15. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692e(10) of the FDCPA by using deceptive means to collect or attempt to collect a debt.

   b. Defendant violated § 1692e(11) of the FDCPA by failing to disclose that the message, a communication, was from a debt collector.

WHEREFORE, Plaintiff, SYLVIA FISK, respectfully requests judgment be entered against Defendant, CREDIT FIRST NATIONAL ASSOCIATION, for the following:

16. Statutory damages of $1,000.00, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

17. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

18. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

20. Defendant violated the RFDCPA based on the following:

   a. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692, *et seq.*

WHEREFORE, Plaintiff, SYLVIA FISK, respectfully requests judgment be entered against Defendant, CREDIT FIRST NATIONAL ASSOCIATION, for the following:

21. Statutory damages of $1,000.00, pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788.30(b).

22. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c).

23. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  August 8, 2012         KROHN & MOSS, LTD.

By: /s/ Douglas Baek

Douglas Baek
Attorney for Plaintiff